IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN ALLEN TUTOR,

        Plaintiff,           1:12-cv-1549

        v.                       ORDER

OREGON DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.

HOGAN, District Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections filed a complaint under 42 U.S.C. § 1983 alleging that defendants are violating his civil rights by improperly denying him sentence reductions *via* "good time credits."

    Plaintiff now moves for injunctive relief "to block any acts that are, or could be construed as, acts of retaliation against" him. Injunction/Protection Order (#10).

    In order to establish entitlement to injunctive relief, plaintiff must demonstrate that he has sustained or is

1 - ORDER

immediately in danger of sustaining some direct injury as a result of the challenged official conduct, and the injury must be "real and immediate" not "conjectural" or "hypothetical." <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95 (1983).

In this case, plaintiff has not alleged that he has been retaliated against for filing this lawsuit or that defendants have threatened or otherwise indicated an intention to retaliate against. Therefore, plaintiff's request for injunctive relief is denied.

Plaintiff has also filed a motion "In Lieu of Appointment of Counsel" (#11) which can be construed as a request for preliminary equitable relief.

Plaintiff's motion seeks an order requiring defendants to provide him with a panoply of computer and other supplies "due to the fact he is handicapped by the insufficient law library, access to the court." (Sic)

Inmates have a constitutional right of meaningful access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 350 (1996). However, a prisoner's right of access to the courts does not "require the maximum or even the optimal level of access." <u>Bounds v. Smith</u>, 430 U.S. 817, 821-23; <u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987). The objective of the Supreme Court's access requirements was to remove barriers to court access that imprisonment erected, not to grant inmates

2 - ORDER

advantages not shared by the general unimprisoned public. Hooks v. Wainwright, 775 F.2d 1433, 1436-37 (11th Cir. 1985), cert. denied, 479 U.S. 913 (1986).

Plaintiff has not alleged any specific facts to establish that he has been or is being denied access to the courts. Assuming plaintiff *could* establish a denial of access to the courts, he cannot establish entitlement to the extensive computer and word processing equipment he seeks in his motion.

Plaintiff's Motions (#10) and (#11) are denied.

DATED this 11th day of October, 2012.

Michael R. Hogan
United State District Judge

3 - ORDER