IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN ALLEN TUTOR,

        Plaintiff,        1:12-cv-1549-TC

        v.        FINDINGS AND RECOMMENDATION

OREGON DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights by denying him earned time credit pursuant to the judgment entered in his state court proceeding. Plaintiff seeks damages from June 15, 2011, until his release and injunctive relief in the form of his release from custody.

1 - FINDINGS AND RECOMMENDATION

Defendants now move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that plaintiff's claims are barred by *Heck v. Humphrey* and for failure to state a claim. Motion to Dismiss (#14).

Plaintiff's claim for money damages is based on his incarceration past the date he contends he should have been released.

In order to recover damages under 42 U.S.C. § 1983 for an allegedly unconstitutional confinement, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). In other words, unlawful confinement does not constitute a compensable injury under section 1983 until the confinement has been invalidated.

Plaintiff has not established that the incarceration he challenges in this proceeding has been reversed or invalidated. Accordingly, a 42 U.S.C. § 1983 claim for money damages is premature.

Plaintiff alleges that he was sentenced pursuant to "two counts of an ORS 137.700 class crime." Complaint (#2) p. 5. Petitioner further alleges that "the court opted out of the

2 - FINDINGS AND RECOMMENDATION

ORS 137.700 sentence and granted a number of liberties not allowed by said statute. Including the ordered liberty of sentences reduction, 'good time,' plus a number of others not being questioned in this action." (Sic) Id.

Plaintiff's argument that he is entitled to good time credit because the court "opted out" of a "ORS 137.700" sentence is apparently based on the allegation that "ORS 137.700 does not appear on signed judgment of plaintiff Tutor and the ordered liberties do." Complaint (#2) p. 11.

I take judicial notice of plaintiff's judgment states in pertinent part:

> The defendant is sentenced to the custody of the Corrections Division of the State of Oregon for the crime of SEXUAL ABUSE IN THE FIRST DEGREE (Count 1) for a period of 75 months and for the crime of SEXUAL ABUSE IN THE FIRST DEGREE (Count 2) for the period of 75 months as recommended in the Presentence Investigation Report. Sentences on both counts are to run consecutively to one another for a total of 150 months.
>
> Defendant may be considered for any form of temporary leave from custody, reduction in sentence, work release, alternative incarceration program, or program of conditional or supervised release, or alternative sanction authorized by law or administrative rule.

Defendants' Memorandum (#15) attachment 1.

The judgment expressly limits plaintiff's consideration for any form of reduction in sentence to those "authorized by law," and Oregon law prohibits plaintiff from being considered for any form of early release.

3 - FINDINGS AND RECOMMENDATION

ORS 137.700(2)(a)(P) specifies that a person convicted of Sexual Abuse in the First Degree will serve a mandatory minimum sentence of 75 months in prison. ORE 137.700(1) specifies that a person convicted of Sexual Abuse in the First Degree is "not eligible for any reduction in, or based on, the minimum sentence for any reason whatsoever under ORS 421.121 [the statute providing for reduction in sentence and earned time credits], or any other statute." Consequently, plaintiff is not entitled to good time credits, earned time credits, early release, or any other reduction in his sentence.

Plaintiff's argument that the court "opted out" of the statutory sentence is not convincing.

Defendants' Motion to Dismiss (#14) should be allowed. Plaintiff's claim for money damages for "overdetention" should be dismissed without prejudice. Plaintiff's claims for injunctive relief in the form of release from incarceration should be denied with prejudice. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this

4 - FINDINGS AND RECOMMENDATION

recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

**Any appeal form an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith.**

DATED this 21 day of ~~September~~ November, 2012.

_____
THOMAS M. COFFIN
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION